**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICOLE MEYER, AND DANIEL MEREMA individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>IAS LOGISTICS DFW, LLC, d/b/a PINNACLE LOGISTICS,<br><br>*Defendant*, | Case No.: |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

NOW COMES Plaintiffs Nicole Meyer ("Nicole") and Daniel Merma ("Daniel") (collectively "Plaintiffs") on behalf of herself and all other plaintiffs similarly situated, by and through their attorneys, and for their Class and Collective Action Complaint against Defendant Defendant IAS Logistics DFW, LLC, d/b/a Pinnacle Logistics (referred to herein as "Pinnacle" or "Defendant") states as follows:

**Nature of the Action**

1. This civil action is brought by the above-named plaintiffs who brings this class and collective action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") pursuant to 29 U.S.C. § 216(b) and under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* pursuant to Fed. R. Civ. Pro 23.

**Parties**

2. Plaintiff Nicole Meyer is a natural person and citizen of the State of Illinois.

3. Plaintiff Daniel Merema is a natural person and citizen of the State of Illinois.

1

4. Pinnacle is a Delaware limited liability company with its principal place of business in Fort Worth, Texas.

5. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

6. During the last three years, Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

7. Defendant is the Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

8. Defendant is the Plaintiffs' "employer" as defined by the IMWL. 820 ILCS 105/3(c).

9. Plaintiffs were Defendant's "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1).

10. Plaintiffs were Defendant's "employee" as that term is defined by the IMWL. 820 ILCS 105/3(d).

## Jurisdiction and Venue

11. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

12. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

13. Plaintiffs worked for Defendant within the past three years.

14. Defendant does not pay Plaintiffs and similarly situated employees proper overtime wages of one and one-half times their regular rate of pay for all hours worked over forty hours in a work week.

15. This occurs because Defendant does not include shift differentials when calculating the regular rate of pay, thus Defendant pays employees at a lower overtime rate of pay in violation of the FLSA and IMWL

16. By example, Nicole Meyer did not receive one and one-half times her regular rate of pay for overtime hours during the pay periods: 07/21/2019-08/03/2019; 08/04/2019-08/17/2019; and 10/13/2019-10/26/2019. Daniel Merema did not receive one and one-half times his regular rate of pay for overtime hours during the pay periods: 11/11/2018-11/24/2018; 11/25/2018-12/08/2018; 12/09/2018-12/22/2018; 01/06/2019-01/19/2019.

17. Plaintiffs performed their job responsibilities for Defendant in the State of Illinois.

18. Other similarly situated employees have been employed by the Defendant and have not been paid the required overtime wages at one and one-half times their regular rate of pay.

19. The named Plaintiffs, and similarly situated employees, were not exempt from the overtime provisions of the FLSA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

20. Plaintiffs seek to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23 on behalf of themselves and all other non-exempt employees who were not fully compensated for overtime hours worked.

21. Plaintiffs and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week but were not fully paid their overtime hours at one and one-half times their regular rate of pay.

22. Plaintiffs and asserted members of the Collective and Class are similarly situated because, *inter alia*, they all were not paid the required overtime rate of one and one-half times their regular rate of pay for all work in excess of 40 hours per week and had such rights undermined and neglected by Defendant's unlawful practices and policies

23. Defendant has encouraged, permitted, and required the Class and Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

24. Defendant has known that Plaintiffs and other members of the Class and Collective have been deprived of required overtime compensation. Nonetheless, Defendant has operated under a scheme to deny the Plaintiffs and the Class and Collective the required compensation of one and one-half time their regular rate of pay for work in excess of 40 hours.

25. There are estimated to be dozens of other current and former employees within the asserted class for this action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

26. The records, if any, should be in the custody or control of Defendant concerning the members of the asserted class, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

27. Plaintiffs will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation. Plaintiffs have no interest that is contrary to, or in conflict with, members of the class.

**COUNT I - FAIR LABOR STANDARDS ACT**
**(Plaintiffs Individually and on Behalf of All**

4

**Similarly Situated Employees Pursuant to 29 U.S.C. §216)**

28. The Plaintiffs re-alleges and incorporates by reference paragraphs 1-27

29. Under the FLSA, Plaintiffs and the Collective were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate of pay.

30. The proper overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate.

31. However, Defendant failed to compensate the Collective at the proper overtime rate for all the work they performed in excess of 40 hours per week in violation of the FLSA because they did not capture all compensation when calculating the overtime rate.

32. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

33. Due to Defendant's violations of the FLSA, the FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

WHEREFORE, the Plaintiffs request the following relief, individually and on behalf of similarly situated employees:

    A.     A declaratory judgement that Defendant violated the overtime wage provision of the FLSA as to the Plaintiffs and similarly situated employees;

    B.     A declaratory judgment that Defendant's violations of the FLSA was willful;

    B.     Unpaid overtime compensation;

    B.     An additional amount equal as liquidated damages;

    C.     Prejudgment interest;

    D.     Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

    E.     Such other and further relief as this Court deems appropriate and just.

**COUNT II - ILLINOIS MINIMUM WAGE LAW**
**(Plaintiffs Individually and on Behalf of All**
**Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23)**

34.    Plaintiff hereby alleges and incorporates by reference paragraph 1 through 33.

35.    This count arises from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

36.    Under the IMWL, Defendant was and remains obligated to compensate Plaintiffs, and similarly situated employees, for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

37.    Plaintiffs were regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times their regular rate for such overtime work because Defendant did not include all necessary compensation when determining the overtime rate of pay.

38.    By failing to pay overtime compensation due to Plaintiffs, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

39.    As a result of Defendant's policy and practice of withholding overtime compensation, Plaintiffs and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiffs requests the following relief individually and on behalf of similarly situated employees:

A.  A Declaratory Judgement that Defendant violated the minimum wage provisions of the IMWL as to the Plaintiffs and similarly situated employees;

B.  A declaratory judgement that Defendant's violations of the IMWL were willful;

C.  Unpaid overtime compensation;

D.  A judgment of punitive damages, including statutory interest of 5% per month, as provided by IMWL;

E.  Treble damages, as provided by IMWL;

E.  A judgement of reasonable attorney's fees and costs incurred in filing this action; and

F.  Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including FLSA claims.

Dated:  April 28, 2020                                    Respectfully Submitted,

By: /s/ John Kunze
One of the Attorneys for the Plaintiffs

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
(630)355-7590
(fax) (630)778-0400